PER CURIAM.
This is a dispute over the terms of a lease and whether the lessee is liable for extra rent for transferring the leasehold. The district court ruled that no extra rent was due. See Adolphus v. National Super Markets, 775 F.Supp. 1243 (E.D.Mo.1991).
Though the transactions between the parties over the years with respect to the relevant leasehold were numerous and prolix, we think that the facts material to this case can be stated in relatively brief compass. Appellant, the owner of a shopping center, was landlord to appellee. Appellee assigned its lease, an event that, appellant maintains, triggers a clause in the lease calling for a rent increase in an amount of one-half the rent increase realized from the assignment. The short answer to appellant’s claim is that appellee did not receive any rent increase from the assignment since assignors can never get rent from assignees. Only landlords can receive rent and, by definition, an assignor is not his assignee’s landlord. See 1 A. Casner, American Law of Property 310-314 (1952). The landlord of the assignee is the appellant. Even if we read the word *437 “rent” expansively to mean that appellant should receive one-half of the amount by which the leasehold increased in value during the time that appellee held it, there is nothing in the record from which we can conclude that there was any increase in value.
We therefore affirm the district court.